# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ADAM EGGERS,

                    Petitioner,          :     Case No. 3:14-cv-443

      - vs -                             District Judge Thomas M. Rose
                                             Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Institution,
                                            :
                    Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 16) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 15). Judge Rose has recommitted the case for reconsideration in light of the Objections (Recommittal Order, Doc. No. 17).

Eggers with the assistance of counsel pled two Grounds for Relief, to wit, that his plea of guilty to felony murder was not knowing, intelligent, and voluntary and that he received ineffective assistance of trial counsel.

The factual background is that Eggers and Daniel Bryant were rivals for the affections of Julie Snyder, the victim. On the night of May 16, 2010, four shots were fired into Bryant's residence. One of the shots struck and killed Snyder instantly. Eggers blamed Brad Locher who was with him outside Bryant's residence, but Eggers had a positive gunshot residue test and Locher's test was negative. Given these facts, Eggers' counsel negotiated a plea agreement: Eggers would plead guilty to felony murder (the underlying felony being unlawful discharge of a

firearm into a dwelling) and be sentenced to the mandatory minimum fifteen years to life imprisonment.

Eggers' habeas petition criticizes the plea colloquy process and asserts the trial judge should have applied *North Carolina v. Alford,* 400 U.S. 25 (1970), when, some two minutes after pleading guilty and during his allocution, Eggers said "I'd like to apologize to the family.  You know I loved her. You know I didn't do this. I didn't do this. I love you, mom. I don't know. That's it. I don't know what else to say."

The Report discusses adequately the claims Eggers has made and does not require much supplementation.  However, the standard of review applied in the Report must be made clear.  At the very outset of the Objections, Eggers states he "objects to the report's legal conclusions that . . ." (Doc. No. 16, PageID 949).  Later on the same page, he "objects to the report's factual findings that  . . ." *Id.*  The Report did not make *de novo* either the legal conclusions or factual findings to which Petitioner objects.  Rather, because the Second District Court of Appeals decided both of Eggers' constitutional claims on the merits, this Court is required to defer to the legal conclusions unless they are contrary to or objectively unreasonable applications of Supreme Court precedent.  28 U.S.C. § 2254(d)(1).  As to factual findings of the state court, this Court must defer unless they are unreasonable determinations of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(2).  Eggers embodies these standards of review in his pleading of his Grounds for Relief and the Report consistently employs these standards in its evaluation of the Second District's two decisions in this case, both on direct appeal and appeal from denial of post-conviction relief.

With that point made, the Magistrate Judge does not believe further analysis is necessary. It is again respectfully recommended that the Petition be dismissed.

**Certificate of Appealability**

Rule 11(a) of the Rules Governing § 2254 Cases requires this Court "to issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The Report does not contain a recommendation on this question.

Reasonable jurists could differ on whether Eggers' statement during allocution is a sufficient protestations of innocence to require application of *Alford* to this case.  Eggers should be issued a certificate of appealability on that question.  Because reasonable jurists would not disagree with the other conclusions reached in this and the original Report, Eggers should be denied a certificate of appealability on all other issues.

June 26, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

3